UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **LUM JONES** | **CIVIL ACTION NO. 13-1111**<br>**SEC. P.** |
| **VERSUS** | **JUDGE ELIZABETH E. FOOTE** |
| **JERRY GOODWIN, ET AL.** | **MAGISTRATE JUDGE HAYES** |

**ORDER**

Before the undersigned Magistrate Judge, on reference from the District Court, is a letter-motion for protective order and an associated request for transfer to another facility, [doc. # 49], filed by *pro se* Plaintiff Lum Jones.[1]  Plaintiff seeks an order protecting him from harassment and retaliation by the David Wade Correctional Center ("DWCC") personnel.  *Id.*  Plaintiff claims that they retaliated by refusing to let him shower regularly, damaging his belongings, taking his books, and placing him in a monitored suicide cell on a tier that reeks of musk, urine, and feces.  *Id.*  As to Plaintiff's request for a transfer, he seeks a transfer to the Elayn Hunt Correctional Center in St. Gabriel, Louisiana.  *Id.*  Defendants oppose the Motion.  [doc. # 51].

In opposition, Defendants submit the affidavits of Deputy Warden Angie Huff and Mental Health Director Steven Hayden.  [doc. #s 51; 51-1].  Affiant Huff avers that DWCC personnel did move Plaintiff to a "camera cell," but only because Plaintiff and a fellow inmate "were disturbing other offenders and preventing them from sleeping by talking and yelling through the pipe chase during all hours of the night."  [doc. # 51, p. 1, 2].  In addition, Huff avers

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this Court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

that Plainitff has "never been on suicide watch." *Id.* at 2. Affiant Hayden similarly avers that, "based on his personal knowledge and review of offender reccords . . . [Plaintiff] has never been on suicide watch or placed in a suicide cell since being housed at [DWCC]." [doc. # 51-1, p. 1]. Defendants do not address or deny Plaintiff's retaliation claims with respect to refusing to let him shower, damaging his belongings, and taking his books.

Upon consideration, Plaintiff's hybrid motion is **GRANTED IN PART and DENIED IN PART**, as follows,

**IT IS ORDERED** that Plaintiff's motion for protective order is **GRANTED**. The officials and staff at the DWCC shall refrain from harassing or retaliating against Plaintiff in any way, including, but not limited to, the means claimed in this motion, for filing the instant Complaint.

**IT IS FURTHER ORDERED** that Plaintiff's request for transfer to another facility is **DENIED**. The Court lacks authority to transfer Plaintiff under the present circumstances.[2]

In Chambers, Monroe, Louisiana, this 7th day of July, 2014.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff is an inmate in the custody of the Louisiana Department of Corrections ("DOC"). Under Louisiana law, "any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. <u>The secretary of the department may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training, and security needs established by the department</u>." LA. REV. STAT. ANN. §15:824(A). Plaintiff is a DOC inmate and, therefore, his placement lies solely within the purview of the DOC.