UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **LUM JONES** | **CIVIL ACTION NO. 13-1111**<br>Section P |
| **VERSUS** | **JUDGE ELIZABETH E. FOOTE** |
| **WARDEN JERRY W. GOODWIN, ET. AL.** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Dismiss and an alternative Motion for Summary Judgment, [doc. # 44], filed by Defendants Kevin Kidd, Louis Hamilton, Jeffery Johnson, Rodney Long,[1] Brian Bass, Dedrick Blunt, Terrance Hauley,[2] Eric Green, Robert Davis, Jr., Arnold Henry, Alma Burns, Jr., LaJoe Hill, Shalen Heard, Andri McCoy,[3] Bruce Young, Jr., Matthew Elmore, Sammy Benson,[4] John Huey, Ronald Rawson,[5] Johnny White, Rufus McDonald, David Thomas, Vincent Coleman, Roy Cole,[6] Tyrone Mays, Douglas Ford, Jacob Baird,[7] Roderick Malcolm,[8] Thomas Pietsch,[9] Colonel

---

[1] Incorrectly named in the Complaint as "Ronnie Long."  [doc. # 33, p. 3].

[2] Incorrectly named in the Complaint as "Terrenee Hauley."  *Id.*

[3] Incorrectly named in the Complaint as "John Doe McCoy."  *Id.*

[4] Incorrectly named in the Complaint as "Laney Benson."  *Id.*

[5] Incorrectly named in the Complaint as "Ron Rawson."  *Id.*

[6] Incorrectly named in the Complaint as "Ray Cole."  *Id.*

[7] Incorrectly named in the Complaint as "John Doe Baird."  *Id.*

[8] Incorrectly named in the Complaint as "Roger Malcolm."  *Id.*

[9] Incorrectly named in the Complaint as "John Doe Pietch."  *Id.*

Lottie Nail, Warden Jerry Goodwin,[10] Sergeant Gary Carter, Alfred Carter, Cliff Causey, LaDarius Wilson, Marvin Garrett,[11] and Terry Mitchell.[12] Plaintiff opposes the Motion.[13] [doc. # 58]. For the reasons assigned below, it is recommended that the Motion be **GRANTED IN PART AND DENIED IN PART**.

## Background

On April 3, 2013, inmate Carlos A. McGrew submitted a 44-page *pro se* complaint on behalf of himself, Plaintiff, nineteen other David Wade Correctional Center ("DWCC") inmates, and "any/all others similarly situated," complaining about the conditions of confinement at

---

[10] Plaintiff does not name Nail or Goodwin in the caption of the Complaint, but he does name them in the body of the Complaint. *Id.* at 9. Liberally construing the Complaint, the Court determines that Plaintiff sufficiently named Nail and Goodwin as Defendants.

[11] Incorrectly named in the Complaint as "John Doe Garrett."

[12] Defendants Sergeant Dedrick Blunt, Sergeant Gary Carter, Alfred Carter, Cliff Causey, LaDarius Wilson, Terry Mitchell, and Marvin Garrett join this Motion even though they claim that "[s]ervice has yet to be perfected" against them. [doc. # 44, p. 1].

Relatedly, the instant Complaint omits the following Defendants that were named in the original complaint: Warden John Does x2, medical director/coordinator, warden Jane Doe x1, mental health director, Warden Jane Doe x1, Entire Mental Health and Medical (Dental Department), Doctor Jane Doe x1, Nurses John Doe x2, E.M.T.(s) John Doe x2, Psychiatrist John Doe x1, Social Worker(s) John Does x2, Entire Classification Department (John Does x2 and Jane Doe x1), Entire Security Staff assigned to South Side Compound N-1, 2, 3, and 4, Captain John Does, Lt. John Does, Sgt. John Does, Robert Rachel, Angie Huff, Michele Dauzat, Paula Millwe, Gregory Seal, Steve Hayden, Mark Hunter, and John Doe Jimerson. [doc. #s 1, p. 4-6; 33, p. 3]. These Defendants should be terminated. Moving Defendants Arnold Henry and Rufus McDonald should also be terminated because Plaintiff did not name them in the original complaint or the instant Complaint.

[13] Plaintiff filed a document entitled, "Motion for Summary Judgment." [doc. # 58]. The Court, however, construes the document as an opposition to Defendants' Motion for Summary Judgment and Motion to Dismiss because Plaintiff concedes that "there is a genuine issue of material fact" and also "moves [the Court] not to dismiss" his claims. *Id.* at 1, 3.

DWCC. [doc. # 1]. The complaint included a prayer for declaratory relief, injunctive relief, compensatory damages, and punitive damages. *Id.*

On April 30, 2013, the Court ordered each inmate to file a separate complaint. [doc. # 10]. On December 10, 2013, the Court ordered Plaintiff to amend his Complaint to cure the following deficiencies:

> Plaintiff has named numerous defendants but has not alleged specific fault on the part of any particular defendant. Further, plaintiff has sued a number of "John Does" and other "unknown defendants." Plaintiff must identify EACH individual defendant. Further, plaintiff has not described the nature of the injury he sustained as a result of each alleged violation. In short, plaintiff's complaint, as it stands, does not state a claim for which relief may be granted; however, before this court determines the proper disposition of plaintiff's complaint, plaintiff should be given the opportunity to remedy the deficiencies identified above.

[doc. # 32]. *Pro se* Plaintiff Lum Jones,[14] an inmate in the custody of Louisiana's Department of Corrections ("DOC") and housed at DWCC, complied and filed an amended civil rights complaint ("the Complaint") pursuant to 42 U.S.C. § 1983 on January 10, 2014. [doc. # 33]. The Court then directed the Clerk of Court to effect service, through the U.S. Marshal, on each Defendant. [doc. # 34]. The Complaint contains the following allegations:

> (1) DWCC does not utilize adequate screening methods to ensure that inmates are not placed into cells with other inmates that could harm them; (2) Warden Goodwin ignores inmates' formal grievances; (3) Warden Goodwin subjects inmates to "intense isolation and punitive segregation" when they file formal grievances; (4) Officers "routinely refuse inmates their daily 10 minute showers, medical/mental health callouts, and out-of-cell recreation"; (5) the cells are too small; (6) the food portions are too small; (7) inmates are subjected to extreme temperatures; (8) there is no ladder for the bunk beds; (9) the DWCC laundry service is inadequate and inmates are forced to wear dirty jump suits and sleep on dirty linens; (10) inmates are subjected to excessive force because officers "routinely employ the use of [a] chemical agent"; (11) the excessive use of the chemical agent forces Plaintiff's entire tier to endure noxious chemical fumes; (12) inmates are subjected to retaliation when

---

[14] Plaintiff proceeds *in forma pauperis*. [doc. # 30].

      they file formal grievances; (13) mentally ill inmates are housed near other inmates as a form of punishment; (14) the food is not healthy; (15) the drinking water is contaminated; and (16) the facility is infested with insects.

[doc. # 33].[15]

    Defendants argue that Plaintiff's Complaint should be dismissed for the following reasons: (1) Plaintiff fails to "recite any direct personal involvement, any specific occurrences, [or] any violation that would give rise to a cognizable constitutional right"; (2) Defendants are entitled to qualified immunity; (3) there is no genuine dispute of material fact as to whether Plaintiff's boots, postage stamps, soap, and deodorant were improperly confiscated; and (4) to the extent that Plaintiff sues Defendants in their official capacities, they "are outside the class of persons subject to liability for damages under 42 U.S.C. § 1983." [doc. # 44-1].

    The matter is now before the Court.

**I. Preliminary Observations**

    There are two preliminary matters that merit discussion: whether Plaintiff Jones or inmate Carlos McGrew is the true Plaintiff and whether Plaintiff, as a non-lawyer, can represent the interests of other similarly situated inmates. As to the former, the Court observes that inmate McGrew signed the final page of Plaintiff's Complaint, inmate Robert Baltimore's complaint, inmate Ronnie Riley's complaint, and inmate Joshua Williams's complaint.[16] [doc. # 33, p. 28]; *Riley v. Goodwin, et al.*, No. 13-1109 (W.D. La. filed April 3, 2013); *Baltimore v. Goodwin, et*

---

[15] The Complaint does not include a prayer for relief. However, even though "[a]n amended complaint supersedes [an] original complaint and renders it of no legal effect," *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994), the Court liberally construes the Complaint and finds that it incorporates the relief sought in the original complaint. [*See* doc. # 1].

[16] Plaintiffs Baltimore, Riley, and Williams are all allegedly similarly situated inmates at DWCC that joined the initial Complaint prior to the court-ordered severance mentioned above.

*al.*, No. 13-1108 (W.D. La. filed April 3, 2013); *Williams v. Goodwin, et al.*, No. 13-1106 (W.D. La. filed April 3, 2013). In fact, it appears that McGrew authored the initial complaint because he is the only inmate that signed it. [*See* doc. # 1]. Even more telling is the fact that the Court recently revoked McGrew's *in forma pauperis* status after discovering that he was a frequent litigator and subject to the three strikes provision in 28 U.S.C. § 1915(g). [*See* doc. # 32, p. 1-2].

Considering the circumstances, the Court is well-aware that McGrew is likely the Complaint's architect and that McGrew could very well be utilizing Plaintiff to further his own agenda. Nevertheless, Plaintiff did sign the instant Complaint and he is purportedly funding the proceedings. In that respect, the Court declines to dismiss the case *sub judice* due to McGrew's apparent lack of standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 590 (1992) (noting that a plaintiff must have suffered a personal "injury in fact" to establish standing).

Next, with respect to the latter preliminary matter, Plaintiff's Complaint states that it is filed on behalf of all original plaintiffs, all inmates not specifically named but similarly situated, and all future plaintiffs who have yet to arrive at DWCC. [doc. # 33, p. 2]. In this Court, parties can represent themselves or they can be represented by an attorney; they cannot be represented by a non-lawyer. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) (citing *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308-09 (2d Cir. 1991) (reviewing authorities)). Here, Plaintiff is not a licensed attorney and cannot represent the other putative plaintiffs.[17] Accordingly, the Court will consider only the alleged harms that Plaintiff personally suffered.

**II. Eleventh Amendment Immunity**

---

[17] The Court reiterates that inmate Carlos McGrew is both a signatory to the Complaint and the Complaint's likely author. In that vein, and for the same reason stated above, inmate Carlos McGrew cannot represent Plaintiff.

Insofar as Plaintiff asserts a claim against Defendants in their official capacities, [*see* doc. # 1, p. 5], Defendants suggest[18] that they are entitled to Eleventh Amendment immunity. [doc. # 44-1, p. 7]. To the extent that they seek dismissal of Plaintiff's claim for monetary damages against them in their official capacities (as opposed to seeking dismissal of Plaintiff's prayer for equitable relief), Defendants' argument is well-taken.

It is well-settled that the Eleventh Amendment bars suits in federal court for money damages and injunctive relief filed by citizens of a state against their own state or state agency. *Darlak v. Bobear*, 814 F.2d 1055, 1059 (5th Cir. 1987). "Claims under federal statutes do not override the Eleventh Amendment bar unless there is a clear showing of congressional intent to abrogate the bar." *Id.* On that score, "Section 1983 does not override the Eleventh Amendment bar." *Id.* The Amendment also bars a plaintiff's state law claims brought against Louisiana or a Louisiana entity in federal court because Louisiana has not waived its sovereign immunity. *Richardson v. Southern University*, 118 F.3d 450, 453 (5th Cir. 1997); LA. REV. STAT. § 13:5106.

That in mind, "State officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them." *Hafer v. Melo*, 502 U.S. 21, 27 (1991). The real party in interest in an official-capacity suit is the governmental entity, not the named official. *Id.* at 25 (citing *Kentucky v. Graham*, 473 U.S 159, 166 (1985)); *see Turner v. Houma Mun. Fire and Police Civil Serv. Bd.*, 229 F.3d 478, 483 (5th Cir. 2000) (holding that official-capacity suits are generally "another way of pleading an action

---

[18] As explained below, Defendants conflate Eleventh Amendment immunity with qualified immunity.

against an entity of which an officer is an agent."). The suit against a state official is "no different from a suit against the State itself." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Here, the State of Louisiana is the real party in interest—through its arm, the DOC—and is thus entitled to Eleventh Amendment Immunity. *See Richardson*, 118 F.3d at 452 (noting that even though the plaintiff did not name the State of Louisiana as a defendant, the "suit may nonetheless succumb to Eleventh Amendment immunity if the State is the real party in interest.").

Accordingly, the Court recommends that Plaintiff's claim for monetary damages against Defendants in their official capacities be **DISMISSED WITHOUT PREJUDICE**.[19]

**III. Defendants' Motion to Dismiss and Motion for Summary Judgment**

Defendants maintain that Plaintiff fails to state a cognizable claim for relief; in the alternative, Defendants argue that Plaintiff does not present a genuine dispute of material fact. [doc. # 44-1, p. 1]. Aside from these broad assertions, however, Defendants simply regurgitate the law and do not set forth any substantive argument with respect to any of Plaintiff's sixteen claims.

To be sure, Defendants do argue that Plaintiff fails to "recite any direct personal involvement"; however, they neglect to specify which of Plaintiff's numerous claims that they seek to dismiss on this basis. [*See* doc. # 44-1, p. 10]. Defendants also argue that Plaintiff fails to produce any evidence to demonstrate that there is a dispute surrounding his claim that DWCC officials improperly confiscated his boots, postage stamps, soap, and deodorant. *Id.* In this

---

[19] Plaintiff's injunctive relief claim against Defendants in their official capacities, as well as Plaintiff's claim for monetary relief against Defendants in their individual capacities, remain issues for trial.

respect, however, Defendants apparently seek summary judgment on a non-existent claim. While Plaintiff did file an administrative grievance claiming that DWCC officials confiscated these items, [doc. # 44-4, p. 14], he did not include this particular grievance in the instant Complaint.[20]

Ultimately, Defendants fail to address the substance of Plaintiff's claims and fail to make even a cursory attempt to identify the claims they seek to dismiss. The Motion to Dismiss and the Motion for Summary Judgment should both be **DENIED** accordingly.[21]

## IV. Qualified Immunity

Defendants contend that they are entitled to qualified immunity because "they are not considered 'persons' subject to liability for monetary claims asserted against them in their *official* capacity . . . ." [doc. # 44-1, p. 9 (emphasis added)]. Defendants, however, conflate qualified immunity with Eleventh Amendment Immunity. The qualified immunity defense only applies to suits against government officials in their individual capacities. *Walker v. Howard*, 517 Fed.

---

[20] Plaintiff does claim that *mentally ill inmates* are deprived of soap and shoes. [doc. # 33, p. 21]. To the extent that Plaintiff raises this claim on behalf of the mentally ill inmate population at DWCC, the Court reiterates that Plaintiff, as a non-lawyer, cannot represent other inmates.

[21] Defendants also cite to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c)(1). [doc. # 44-1, p. 9]. Section 1915A states that courts should screen a prisoner's civil complaint against a governmental entity to determine whether the complaint is frivolous or malicious. 28 U.S.C. § 1915A. Section 1997e(c)(1) states that courts shall, on their own motion, "dismiss any action brought with respect to prison conditions under section 1983 . . . if the court is satisfied that the action is frivolous, malicious, [or]fails to state a claim upon which relief can be granted . . . ." 42 U.S.C. § 1997e(c)(1). The Court, however, has already screened the Complaint and has determined that Plaintiff sufficiently pled causes of action. [*See* doc. # 32].

App'x 236, 237 (5th Cir. 2013). Therefore, the Court declines to consider Defendants' bald invocation of qualified immunity and recommends that Defendants' Motion be **DENIED**.[22]

## Conclusion

For the reasons discussed above, **IT IS RECOMMENDED** that Defendants' Motion, [doc. # 44], be **GRANTED IN PART**, and that Plaintiff's claims for monetary damages against all Defendants in their official capacities be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that Defendants' Motion, [doc. # 44], be otherwise **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL**

---

[22] The Court considered Plaintiff's official capacity claims above in Section II.

**FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, Monroe, Louisiana, this 23rd day of September, 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE