UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LUM JONES                                   CIVIL ACTION NO. 13-1111
                                            Section P

VERSUS                                      JUDGE ELIZABETH E. FOOTE

WARDEN JERRY W. GOODWIN, ET.                MAGISTRATE JUDGE HAYES
AL.

## REPORT AND RECOMMENDATION

On February 7, 2014, the Court directed Plaintiff to transmit two completed summonses and one completed USM-285 form for each Defendant listed in Plaintiff's Amended Complaint to the Clerk of Court within thirty days so that the Clerk could then direct the U.S. Marshal to serve the documents on each Defendant.  [doc. # 34, p. 7-8].  The Court cautioned that failure to comply could result in the imposition of sanctions.  *Id.* at 11.  The time period for complying has long passed and Plaintiff has yet to transmit the required forms for Defendants Garrett, Terry Mitchell, Ladarius Wilson, and Cliff Causey.

In addition, on April 17, 2014, the U.S. Marshals Service returned summonses unexecuted for Defendants Dedrick Blunt, Alfred Carter, and Gary Carter because they were no longer employed with the Louisiana Department of Corrections.  [doc. # 38].  Over seven months have passed, and Plaintiff has yet to provide the Court with an updated address for these Defendants.

Accordingly, on December 8, 2014, the Court ordered Plaintiff to show cause, in writing, why Defendants Garrett, Terry Mitchell, Ladarius Wilson, and Cliff Causey should not be dismissed for failure to execute and transmit the required summonses and USM-285 forms. [doc. # 78].  Likewise, the Court ordered Plaintiff to show cause, in writing, why Defendants

Dedrick Blunt, Alfred Carter, and Gary Carter should not be dismissed for failure to provide the Court with a correct address. *Id.* The deadline for Plaintiff to comply has passed and Plaintiff has yet to show cause or to seek an extension of time in which to do so.

## Law and Analysis

Federal Rule of Civil Procedure 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b) (in pertinent part). This rule authorizes district courts to dismiss an action *sua sponte*. *Link v. Wabash R. Co*., 370 U.S. 626, 630-31 (1962). Ultimately, exercise of the power to dismiss is committed to the sound discretion of the district courts. *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978).

Here, Plaintiff's failure to comply with the Court's two Orders without any excuse or justification warrants dismissing the above-named Defendants. To the extent that the applicable statute of limitations may bar Plaintiff from re-filing the instant suit, dismissal at this juncture will effectively constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice is only "appropriate where there is a clear record of delay or contumacious conduct by the plaintiff . . . and when lesser sanctions would not serve the best interests of justice." *Bryson v. U.S.*, 553 F.3d 402, 403 (5th Cir. 2008) (citation and internal quotation marks omitted). Generally, a court must find one or more of the following aggravating factors to dismiss an action with prejudice: (1) delay attributable to the plaintiff, not to his attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional misconduct. *Berry*, 975 F.2d at 1191.

2

The requirements for dismissal with prejudice are satisfied in this case.  As discussed above, Plaintiff has ignored more than one Court order.  Further, dismissal may be the least severe sanction when, as here, there is every indication that Plaintiff no longer wishes to pursue his claims against the aforementioned Defendants.  In addition, because Plaintiff is proceeding *in forma pauperis*, he likely does not enjoy the financial resources to fund an alternative monetary sanction.[1]  Finally, Plaintiff's unrepentant flaunting of Court orders[2] reflects his own contumaciousness or "stubborn resistance to authority" personally attributable to him as an unrepresented litigant.[3]

### Conclusion

For the reasons stated above, **IT IS RECOMMENDED** that Defendants Garrett, Terry Mitchell, Ladarius Wilson, Cliff Causey, Dedrick Blunt, Alfred Carter, and Gary Carter be **DISMISSED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response

---

[1]  *See Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 78 n.2 (5th Cir. 2011) (noting that a court may consider a plaintiff's *in forma pauperis* status in determining that a monetary sanction would not be an appropriate and effective sanction).

[2]  This Report and Recommendation provides Plaintiff with further notice of his non-compliance.

[3]  "The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

or request for extension of time shall be furnished to the District Judge at the time of filing.

Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, Monroe, Louisiana, this 19th day of December, 2014.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE